UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SALOMON SOTO,

        Petitioner,

v.

                            Civil No. 2:23cv546
                            Criminal No. 2:21cr30

UNITED STATES OF AMERICA,

        Respondent.

## OPINION AND ORDER

This matter is before the Court on Salomon Soto's ("Petitioner") pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF Nos. 131, 135. Also before the Court is Petitioner's motion for the appointment of counsel and motion seeking a show cause order. ECF Nos. 132, 133. Following motions practice, the Government filed a § 2255 opposition brief, ECF No. 154, and Petitioner has not filed a reply brief. For the reasons explained below, Petitioner's § 2255 motion is **DENIED in part, DISMISSED in part, and TAKEN UNDER ADVISEMENT in part** pending an evidentiary hearing. Petitioner's motion seeking the appointment of counsel is **GRANTED,** and his motion seeking a show cause order is **DISMISSED as moot.**

### I. BACKGROUND

In April of 2021, a grand jury returned a single-count indictment charging Petitioner, his wife, and another conspirator with a drug trafficking conspiracy involving large quantities of

heroin and fentanyl.  ECF No. 3.  At the time of his offense, Petitioner was actively serving a lengthy federal sentence for a previous drug trafficking crime.  ECF No. 122 ¶ 8.

Petitioner was appointed counsel (Ms. Wood) who represented him through the entry of a guilty plea to the drug trafficking conspiracy charged in this case.  ECF Nos. 100, 154-1.  Shortly after Petitioner pled guilty, he filed a letter-motion requesting the appointment of new counsel, and after the Court granted that motion, replacement counsel (Ms. Hankins) was appointed to represent Petitioner during the sentencing process.  ECF Nos. 104, 108.  Though Petitioner was dissatisfied with Ms. Wood's performance, he twice stated under oath at the hearing seeking replacement counsel that he did not want to withdraw his guilty plea as doing so would lead to an additional sentencing enhancement.[1]  ECF No. 154-2, at 14-16.

Petitioner's Presentence Investigation Report ("PSR") calculated his advisory Guideline range to be 235-293 months'

---

[1] It appears from the hearing transcript that Petitioner's primary frustration with Ms. Wood is his contention that, but for her lack of diligence, Petitioner would have accepted an earlier more favorable plea offer from the Government.  ECF No. 154-2, at 12-17.  The first plea offer (which was not accepted by Petitioner) included a ten-year statutory mandatory minimum sentence, whereas the second plea offer (which was accepted by Petitioner) provided for an enhanced mandatory minimum sentence of fifteen years.  Both offers involved a plea to the same drug trafficking crime, but the second offer had an increased penalty due to the Government's certification of one of Petitioner's prior drug convictions pursuant to 21 U.S.C. § 851.  ECF No. 89.  Although the Court makes no final factual findings at this time, it appears from the current record that the first plea offer was made in September of 2021 and was re-extended in January of 2022.  ECF No. 154-2, at 8-9, 12.  The second less favorable plea offer was made in May of 2022.  Id.

imprisonment.   ECF No. 154-3, at 4.   Petitioner initially raised two objections to this calculation; however, the defense withdrew the objections at the beginning of the sentencing hearing and focused instead on a request for a downward variance.   Id. at 4-5.   Although Ms. Hankins orally argued for a variance sentence as low as 180 months' imprisonment (the statutory mandatory minimum), the sentencing judge squarely rejected the defense request for leniency.   In fact, not only did the Court decline to vary downward, but Petitioner was sentenced at the highest point within the advisory Guideline range (293 months) based on the relevant aggravating factors, including the fact that Petitioner committed his offense from inside a federal prison.[2]   Id. at 18-21.

In the instant motion, Petitioner advances nine different challenges, eight of which assert that his lawyers provided constitutionally ineffective assistance.   Specifically, Petitioner advances the following ineffective assistance claims:   (1) failure to conduct a pretrial investigation; (2) failure to argue/object to sentencing disparities; (3) failure to negotiate a more favorable plea; (4) failure to appeal; (5) failure to inform Petitioner of the minimum and maximum penalties; (6) failure to advance Guideline objections; (7) failure to inform Petitioner that the Court could impose a sentence above the range recommended by the PSR; and (8) failure to seek departures under the

---

[2] Petitioner was sentenced by Judge John A. Gibney, Jr. of this Court.

3

Guidelines.[3]   Separate   from   his   ineffective   assistance   claims,
Petitioner   advances   a   direct   challenge   to   his   sentence   based   on
the   fact   that   he   was   attributed   criminal   history   "status   points"
at sentencing.

The Government filed a brief in opposition challenging all of
Petitioner's   ineffective   assistance   claims   on   the   merits   and
arguing   that   Petitioner's   status   points   challenge   "is   not
cognizable under § 2255."   ECF No. 154, at 12-18.   The Government
relies   on   the   transcripts   from   three   hearings   in   this   case,   as
well as affidavits from both of Petitioner's former lawyers.   ECF
Nos. 154-1 through 154-5.   Petitioner has not provided any evidence
in response to the Government's submissions.

## II. STANDARD OF REVIEW

A   federal   prisoner   may   collaterally   challenge   their
conviction   or   sentence   on   the   grounds   that   "the   sentence   was
imposed in violation of the Constitution or laws of the United
States, or . . . the court was without jurisdiction to impose such
sentence, or . . . the   sentence   was   in   excess   of   the   maximum
authorized by law, or [the sentence or conviction] is otherwise
subject to collateral attack."   28 U.S.C. § 2255(a).   A petitioner
must prove the asserted grounds for relief by a preponderance of
the evidence.   Miller v. United States, 261 F.2d 546, 547 (4th

---

[3] Although these eight claims are advanced in Petitioner's § 2255 motion,
ECF No. 135, his more detailed "pro se memorandum" focuses on his first four
claims, ECF No. 131.

4

Cir. 1958).  Here, Petitioner alleges (under various theories) that he was deprived of his constitutional right to counsel during the plea and sentencing phases of his criminal case.

The Sixth Amendment guarantees that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.  Applying the Sixth Amendment, the Supreme Court has held that the right to counsel is the right to "effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 685 (1984).  To obtain relief based on an allegation of ineffective assistance, a petitioner must normally establish that: (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the petitioner.  Id. at 687–88.

With respect to performance, the Constitution does not guarantee errorless representation; deficient performance instead requires a showing that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. at 687.  Reviewing courts strongly presume that counsel exercised reasonable professional judgment. Id. at 689.  So only in "relatively rare situations" will a § 2255 motion establish that, "'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" Tice v. Johnson, 647 F.3d 87, 102 (4th Cir. 2011) (quoting Strickland, 466 U.S. at 690).  As

"it is all too easy" to challenge an act, omission, or strategy
after it has proven unsuccessful, "every effort [must] be made to
eliminate the distorting effects of hindsight" by "evaluat[ing]
the conduct from counsel's perspective at the time." Strickland,
466 U.S. at 689. Ultimately, the "basic lesson" of Strickland is
not just deference but high deference, and attorneys "can be
selective and strategic without risking an ineffective assistance
of counsel claim." United States v. Mason, 774 F.3d 824, 828, 830
(4th Cir. 2014).

Considering Strickland's prejudice prong, a petitioner must
ordinarily "affirmatively prove" that "there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different." Strickland,
466 U.S. at 693-94. "A reasonable probability is a probability
sufficient to undermine confidence in the outcome." Id. at 694.
The prejudice prong is slightly modified when a petitioner
challenges a conviction entered after a guilty plea; in such
circumstances, the petitioner "must show that there is a reasonable
probability that, but for counsel's errors, he would not have pled
guilty and would have insisted on going to trial." Hill v.
Lockhart, 474 U.S. 52, 59 (1985).

In limited circumstances, prejudice is presumed, such as when
there is a "complete denial of counsel" at a "critical stage of
the proceedings." United States v. Cronic, 466 U.S. 648, 658-59

6

& n.25 (1984).  This prejudice presumption applies when a defendant timely instructs his counsel to file an appeal but counsel fails to do so.  See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (explaining that failure to file a requested appeal is per se ineffective assistance of counsel).

If a petitioner fails to prove either prong of the Strickland test, then the Court need not evaluate the other prong.  Moore v. Harde, 723 F.3d 488, 500 (4th Cir. 2013).  Finally, § 2255 claims that are supported by "vague and conclusory allegations" are insufficient to carry a petitioner's burden, and such allegations may "be disposed of without further investigation by the District Court."  United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (internal quotation marks and citation omitted).

### III. DISCUSSION[4]

### A. Failure to Conduct a Pre-Trial Investigation

Petitioner first argues that defense counsel provided ineffective assistance by failing to: request discovery, subject the case to adversarial testing, research the law or facts, file pretrial motions, and/or communicate with Petitioner about the circumstances and benefits of pleading guilty versus proceeding to trial.  ECF No. 135, at 4; ECF No. 131, at 3-5.  Although Petitioner advances a lengthy list of complaints, his arguments are largely

---

[4] For ease of analysis, the Court will first address all of Petitioner's ineffective assistance claims and then address his "status point" challenge that directly challenges his criminal history calculation.

conclusory, contradicted by prior sworn statements, and when considered as a whole, fail to demonstrate constitutionally deficient performance.   Moreover, even assuming that counsel committed some error, Petitioner fails to advance any facts or argument demonstrating that he was prejudiced by counsel's action or inaction.   Accordingly, the instant claim for § 2255 relief lacks merit.

First, contrary to Petitioner's § 2255 allegations, it is clear from Petitioner's prior sworn statements and other record evidence that both Petitioner and his counsel received and reviewed discovery in this case.   See, e.g., ECF No. 154-1, at 5, 24-25. Second, Petitioner's assertions about the lack of adversarial testing, failure to research, and/or the failure to file pretrial motions are conclusory and require no further analysis. Importantly, even at this late stage, Petitioner does not present facts suggesting that further testing/research could have yielded positive results, nor does he point to any colorable defense to the Government's evidence or identify any colorable pre-trial motion that could have been filed.   See Dyess, 730 F.3d at 359 (holding that conclusory allegations are insufficient to support § 2255 relief).   Third, Petitioner's suggestion that counsel did not discuss the decision to plead guilty and/or the advantages of doing so is belied by the transcript of his guilty plea hearing. See ECF No. 154-1, at 12, 16, 24-28; United States v. Lemaster,

403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established.") (citation omitted). Accordingly, the conclusory allegations in Petitioner's § 2255 motion fail to demonstrate constitutionally deficient performance.

Alternatively, assuming for the sake of argument that defense counsel's pre-trial investigation was deficient, Petitioner fails to demonstrate resulting prejudice. Petitioner offers only the conclusory assertion that but for counsel's errors, he "would have proceeded to trial and [been] found not guilty," or negotiated "a significantly less harsh sentence." ECF No. 135, at 4. Missing from Petitioner's filings are the identification of any facts that would lead an objectively reasonable person in his position to proceed to trial, or facts suggesting how additional research could have resulted in a more favorable sentence.[5] See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) (explaining that the proper analysis does not turn on the petitioner's "subjective preferences," but rather, on "whether proceeding to trial would have been objectively reasonable in light of all of the facts"). Accordingly, Petitioner's first claim is alternatively denied based on his failure to demonstrate Strickland prejudice.

---

[5] To the extent that Petitioner's conclusory statements about prejudice can be interpreted as faulting counsel for failing to educate Petitioner about the benefits of the Government's initial plea offer, this claim is addressed below in Part III.C.

### B. Failure to Argue or Object to Disparity

Petitioner next claims that counsel had a duty to object to the sentencing disparity in this multi-defendant conspiracy because his sentence far exceeded the sentences of his two codefendants. ECF No. 131, at 6. However, Petitioner's allegation that counsel was deficient is contradicted by the record, as defense counsel compared Petitioner's conduct to his co-conspirators in her written position paper and challenged the Government's suggestion that Petitioner was more culpable. ECF No. 124, at 4-5. Counsel renewed this argument at the sentencing hearing, expressly asking that Petitioner "be sentenced similarly to his co-defendants," including his wife (who received 87 months) "as well as Mr. Gallardo, who got 120 months." ECF No. 154-3, at 9. Petitioner therefore fails to demonstrate constitutionally deficient performance.

Briefly addressing prejudice, Petitioner fails to demonstrate that he suffered prejudice based on counsel's alleged errors. Notably, notwithstanding counsel's efforts to secure a sentence of 15-16 years' imprisonment, Petitioner received a sentence of nearly 25 years' imprisonment as a result of his <u>conduct and recidivism</u>, with the sentencing judge expressly rejecting arguments by the defense that Petitioner was less culpable than his codefendants. <u>See</u> ECF No. 154-3, at 20-21 (rejecting defense counsel's argument that a variance was needed to "avoid disparities

among similarly situated defendants," explaining that the codefendants were not as culpable as Petitioner in part because he was "doing this crime while he was in prison," and highlighting the "overriding need to protect the public"). While Petitioner is plainly dissatisfied with the term of imprisonment imposed by the Court, his lengthy sentence resulted from his egregious recidivism, not from any constitutional errors committed by defense counsel. Petitioner thus fails to demonstrate <u>Strickland</u> prejudice.

### C. Failure to Negotiate a More Favorable Plea

Petitioner's third claim asserts that he was denied the effective assistance of counsel when his counsel "failed to pursue" the Government's initial more favorable plea offer. ECF No. 135, at 7. First addressing counsel's performance, factual disputes appear to exist as to: (1) when defense counsel provided Petitioner the Government's initial plea offer; (2) whether defense counsel fully discussed the initial offer and its benefits with Petitioner; and (3) whether Petitioner rejected the Government's initial plea offer prior to its expiration.[6]   Petitioner's version of events are based on sworn facts in his § 2255 motion and supporting

---

[6] Petitioner's first counsel, Ms. Wood, previously testified that the Government provided the first plea offer in September of 2021, but it is unclear whether she conveyed that offer to Petitioner before January of 2022. <u>See</u> ECF No. 154-2, at 4-7; ECF No. 154-4 ¶ 2. Regardless of when the offer was conveyed, Petitioner's § 2255 filings and prior testimony reveal his position that, due to defense counsel's lack of communication, he never had a chance to accept the offer before it was withdrawn. ECF No. 154-2, at 8-14. Ms. Wood, in contrast, previously testified that Petitioner

memorandum, and he has made relevant sworn statements at several court hearings as reflected in the transcripts the Government relies on in opposition to Petitioner's § 2255 motion.  On the other side of the ledger, defense counsel submitted an affidavit containing her version of events, ECF No. 154-4, and she also made statements on the record at two prior hearings.  See generally ECF Nos. 154-1, 154-2.  On this record, the Court cannot resolve these material factual disputes in the absence of an evidentiary hearing. See United States v. King, 679 F. App'x 297, 299 (4th Cir. 2017) (explaining that "an evidentiary hearing is especially warranted" in a case where there are material factual disputes regarding non-frivolous issues that "turn upon credibility determinations and relate primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light") (quotation marks and citation omitted).

Second, briefly addressing prejudice, the Government's opposition brief offers the broad contention that Petitioner fails to demonstrate Strickland prejudice, but the Government does not effectively address Petitioner's arguments on a claim by claim basis.  This approach leaves the Court without a targeted argument addressing the impact of defense counsel's alleged deficiencies during the spring of 2022.  A review of one of the transcripts

---

expressly rejected the original plea offer prior to its expiration in April or May of 2022.  Id. at 6-8.

submitted by the Government does offer some insight into the impact of the increased mandatory minimum in the second plea offer, with the Government previously stating to the Court:

> [T]he last thing I wanted to talk about is his concern that [the enhancement added to the second plea offer] is -- just completely undoes his ability to, you know, have a fair sentencing. I just don't think that's the case. I don't think that enhancement -- I mean, not to prejudge the result of the sentencing here by any means, but his guidelines range is going to be sky-high. I mean, he's the leader of a conspiracy and he's running this from a federal prison, and this is going to be the third federal prison stint he's going to have.

ECF No. 154-2, at 9-10. Even though the Government's prediction ultimately proved true, the Government has never addressed the fact that the certification of a prior drug crime under 21 U.S.C. § 851 had the effect of doubling the statutory mandatory minimum term of Supervised Release from 5 years to 10 years. See ECF No. 126, at 3 (reflecting the imposition of a 10-year term of supervised release). Accordingly, the Government's opposition brief fails to undercut the pro se Petitioner's claim that he was prejudiced by his counsel's alleged failure to timely provide him with the initial plea offer and/or to assist him in pursuing the offer during the spring of 2022. See Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) ("[P]ro se filings must be construed liberally so as to do substantial justice.") (quotation marks and citations omitted); cf. Goodwin v. United States, No. 7:06cv199, 2006 WL 2349942, at *3 (W.D. Va. Aug. 15, 2006) (granting the

petitioner's § 2255 motion because the term of supervised release imposed at sentencing exceeded the statutory maximum).

For these reasons, the instant ineffective assistance claim is taken under advisement pending an evidentiary hearing.

### D. Failure to File an Appeal

Petitioner's next ineffective assistance claim asserts that he directed his second lawyer (Ms. Hankins) to file an appeal, but that she failed to do so. ECF No. 135, at 8. It is well-established that "an attorney renders constitutionally ineffective assistance of counsel if [s]he fails to follow h[er] client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement." United States v. Poindexter, 492 F.3d 263, 265 (4th Cir. 2007).[7] Where a petitioner provides sworn evidence that he directed his counsel to file a notice of appeal and counsel files an affidavit denying such claim, an evidentiary hearing is typically necessary to determine which sworn account is credible. See United States v. Diaz, 547 F. App'x 303, 304 (4th Cir. 2013) (finding that the district court abused its discretion by failing to conduct an evidentiary hearing when

---

[7] Petitioner also advances the related claim that Ms. Hankins was deficient for failing to consult with him about an appeal. ECF No. 131, at 8. Counsel has a duty to discuss appellate rights with the defendant when "a rational defendant [in his position] would want to appeal" or when the defendant "reasonably demonstrated to counsel" an interest in appealing. Folkes v. Nelsen, 34 F.4th 258, 275 (4th Cir. 2022) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)).

there were conflicting sworn statements about whether the petitioner directed his counsel to file an appeal).

Here, Petitioner offers very few factual details in support of his failure to appeal claim, as he does not provide the date or location of his purported meeting, phone call, or other contact with counsel, nor does he offer any details regarding what was said by Petitioner or his lawyer. See ECF No. 131, at 8 ("Counsel Hankins did not honor Mr. Soto's request to appeal."); ECF No. 135, at 8 (alleging ineffective assistance based on counsel's failure to file an appeal "as requested by [S]oto").[8] Petitioner's failure to provide any factual details in support of his claim could justify a Court order instructing Petitioner to file a supplemental declaration under oath or penalty of perjury. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 7 (establishing the rule for expanding the record in § 2255 cases); United States v. Pilgrim, No. 3:19cr50, 2023 WL 6282842, at *1 (E.D. Va. Sept. 26, 2023) (discussing the petitioner's "naked assertion" that counsel failed to appeal and the Court's order requiring a supplemental affidavit reciting, among other things, the dates and locations of purported conversations with counsel, and the specific statements made by the petitioner and his counsel).

---

[8] Petitioner also fails to advance facts supporting his related assertion that counsel did not consult with him about appealing after sentencing. Though Mr. Soto's factual allegations lack detail, they are advanced under oath, and conflict with the sworn statement submitted by Petitioner's former counsel. See ECF No. 154-5 ¶ 9 (stating that Mr. Soto never indicated any desire to appeal, either before or after the sentencing hearing).

However, because failure to appeal as instructed is _per se_ ineffective assistance, and because an evidentiary hearing is necessary as to the ineffective assistance claim involving the Government's first plea offer, the Court finds it appropriate to permit further factual development of this claim at the evidentiary hearing. This claim, like the one before it, is therefore taken under advisement.

### E. Misinformation about Statutory Punishment

Petitioner labels his next claim for relief as a "due process" claim; however, based on the supporting facts presented by Petitioner, it is best interpreted as a claim alleging that defense counsel performed deficiently by misinforming Petitioner about the statutory minimum and maximum penalties as well as the Guideline base offense level. ECF No. 135, at 11.[9]

Regardless of whether Petitioner's claim is viewed as a due process claim or an ineffective assistance claim, Petitioner's undeveloped assertion that he entered an involuntary plea and/or was misadvised by counsel is undercut by the record. Importantly, even if counsel miscalculated the advisory Guidelines or made a misstatement regarding the statutory punishment, the transcripts from the detailed guilty plea colloquy and new-counsel hearing reveal Petitioner's failure to adequately allege a due process

---

[9] This claim is asserted in Petitioner's § 2255 motion, but no additional facts are provided in his supporting § 2255 memorandum. ECF Nos. 131, 135.

violation, <u>constitutionally</u> deficient performance, or resulting prejudice.  <u>See</u> ECF No. 154-1, at 3 (reflecting a discussion about the default ten-year statutory minimum, its increase to fifteen years based on the § 851 information, and the potential for a further increase to twenty-five years if Petitioner did not plead guilty to the second plea offer); <u>id.</u> at 6 (reflecting Petitioner's sworn statements that he understood that there was a January 2022 pre-enhancement plea offer and a second post-enhancement offer); <u>id.</u> at 14 (revealing Petitioner's sworn statement that he understood the maximum sentence of life, that the mandatory minimum would ordinarily be ten years, but that due to the § 851 enhancement, the mandatory minimum had increased to fifteen years); <u>id.</u> at 16 (reflecting Petitioner's admission that he read the plea agreement carefully and that he had reviewed all of its terms with his attorney); <u>id.</u> at 25-26 (exhibiting Petitioner's knowledge that the Guidelines would be based on all of his conduct, that he discussed the Guidelines with his counsel, and that he understood that defense counsel could only offer a "prediction" of the Guideline range); ECF No. 154-2, at 13-15 (indicating that Petitioner was aware of the impact of the § 851 information at the time he pled guilty, and that he did not want to withdraw his plea because if he did, the Government would file a second § 851 information).  Petitioner's conclusory claim that his plea was involuntary therefore fails to demonstrate a due process violation

or constitutionally deficient performance.  See Lemaster, 403 F.3d at 221-22 (explaining that allegations in a § 2255 motion that directly contradict the petitioner's prior sworn statements may be viewed as "patently frivolous or false"); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

Alternatively, even if the Court assumes that counsel performed deficiently, Petitioner fails to articulate any resulting prejudice.  He does not identify any case-specific facts or available legal defenses that would cause Petitioner, or any objective person in his position, to reject the Government's second plea offer and proceed to trial.  For all of these reasons, the instant ineffective assistance claim is denied.

### F. Remaining Ineffective Assistance Claims

Petitioner's final three ineffective assistance claims all relate to the sentence imposed by the Court.  These claims are advanced in largely conclusory fashion in Petitioner's § 2255 motion and are not discussed in the separately filed memorandum. All three arguments are rejected for the reasons explained below.

First, Petitioner argues that counsel failed to object to certain Guideline enhancements and failed to challenge the quantity of drugs attributed at sentencing.  ECF No. 135, at 13. Defense counsel initially raised two Guideline objections — one to Petitioner's leadership role and another to an enhancement for

inducing his wife to engage in drug trafficking.[10]   ECF No. 124, at 1.   However, such objections were withdrawn by the defense at the beginning of the sentencing hearing.   Notably absent from Petitioner's § 2255 motion are any factual allegations suggesting that either Guideline enhancement was subject to a colorable challenge in this case.   To the contrary: (1) the sentencing judge stated that, having reviewed the two defense objections and the case record in preparation for sentencing, the objections "would have been denied" if not withdrawn, ECF No. 154-3, at 3; (2) Petitioner stipulated in his statement of facts that "using a phone in federal prison," he "directed" the activities of his co-conspirator wife and another co-conspirator, ECF No. 102 ¶¶ 3, 7-8; and (3) Petitioner later confirmed under oath that he agreed with the written statement of facts and believed that the Government could prove those facts beyond a reasonable doubt, ECF No. 154-1, at 30-32.[11]   Furthermore, Petitioner offers no valid basis for challenging the drug weights attributed at sentencing, and it appears that Petitioner's Guideline base offense level of

---

[10] Petitioner received an enhancement under U.S.S.G. § 2D1.1(b)(16)(A) for involving his wife in the drug conspiracy.   ECF No. 122 ¶ 24.   Petitioner's § 2255 motion does not mention this enhancement, but instead objects to counsel's handling of U.S.S.G. § 2D1.7, a provision governing drug paraphernalia offenses that is not relevant to this case.   The Court presumes, in pro se Petitioner's favor, that he challenges counsel's failure to contest the enhancements that were applied in this case.

[11] Petitioner's PSR further indicates that he "utiliz[ed] his relationship with his wife . . . who received little compensation and had minimal knowledge of the scope and structure of the drug trafficking organization." ECF No. 122 ¶ 18.

34 (predicated on at least 10,000 KG of converted drug weight) is established by the drug transactions that Petitioner specifically stipulated to in the statement of facts. Based on his failure to demonstrate that counsel erred to a degree of constitutional proportions, and associated failure to advance a reasonable probability of a different outcome had Guideline objections been pursued, Petitioner's claim is denied.

Second, Petitioner asserts that his counsel failed to tell him that the Court could impose a sentence above what the PSR recommends, and that if he had known this, he would have proceeded to trial. ECF No. 135, at 15. Petitioner, however, clearly fails to demonstrate that an objective person in his position would have proceeded to trial based solely on the purported "discovery" that the Court had the authority to impose a sentence above the advisory Guideline range. Additionally, Petitioner admitted under oath at his plea hearing that he understood that the maximum sentence was life and that the Guidelines were <u>advisory</u>. ECF No. 154-1, at 14, 25-26; <u>see</u> <u>Lemaster</u>, 403 F.3d at 221-22. Finally, Petitioner was <u>not</u> sentenced above the advisory Guideline range recommended in the PSR, rendering irrelevant his purported failure to understand the breadth of the Court's authority. For these reasons, Petitioner's ineffective assistance claim is denied.

Third, Petitioner argues that his lawyer should have pursued a downward departure under several Guideline provisions: § 5H1.3

(mental and emotional conditions); § 5H1.6 (family ties and responsibilities); and § 5H1.12 (lack of guidance as a youth). ECF No. 135, at 17. Petitioner alternatively argues that defense counsel should have made similar arguments for a variance under 18 U.S.C. § 3553(a), and if she had, he would have received a lesser sentence. Id. To the extent Petitioner faults his lawyer for not invoking Guideline departure provisions, he fails to demonstrate that counsel was deficient, or any likelihood of a different outcome, as: (1) he fails to advance any colorable argument under those provisions; and (2) defense counsel appropriately elected to seek a variance under § 3553(a) rather than a departure under the Guidelines. To the extent Petitioner contends that his lawyer should have made a more robust variance request, counsel did argue that Petitioner's addiction to narcotics, limited role in the offense, his age and low risk of recidivism, and his profound remorse warranted a variance sentence. ECF No. 124, at 3-5. However, these pleas for leniency were rejected by the sentencing judge. Furthermore, Petitioner fails to point to any mental condition, concerning family issues, or evidence of lack of guidance as a youth that should have been advanced at sentencing. In fact, a review of Petitioner's PSR indicates that he has no history of mental or emotional issues, that he is married with no minor children, and that he had a "good childhood" in a "two-parent household." ECF No. 122 ¶¶ 70-74, 79.

Because Petitioner fails to demonstrate constitutionally deficient performance or resulting prejudice, his final ineffective assistance claim is denied.

### G. Status Points Argument

Petitioner's final claim for relief makes no reference to counsel's performance, and instead asserts that Petitioner is entitled to a sentence reduction due to the fact that he was "enhanced with status points." ECF No. 135, at 9. Though Petitioner is correct that the Sentencing Commission has adopted a retroactive Guideline amendment that favorably modifies the calculation of criminal history "status points," a § 2255 motion is not the proper vehicle to seek relief under the retroactive Guideline amendment. Rather, as noted by the Government, Petitioner can (and in fact has) file a separate motion seeking sentence relief under 18 U.S.C. § 3582(c)(2). ECF No. 162; see Livsey v. United States, No. CR 18-143, 2024 WL 449385, at *4 (W.D. Pa. Feb. 6, 2024) (explaining that a motion seeking the benefit of a retroactive Guideline amendment must be brought under 18 U.S.C. § 3582(c)(2) and "cannot be bootstrapped to a § 2255 motion"). Petitioner's sentencing judge continues to preside over his criminal case, and any relief based on retroactive Guideline changes will be addressed by the sentencing judge by separate order. Because a retroactive Guideline amendment does not support relief under § 2255, Petitioner's claim is dismissed.

## IV. MOTION FOR COUNSEL

In light of the need for an evidentiary hearing in this case, and as required by the Rules Governing § 2255 Proceedings in U.S. District Courts, Petitioner's motion seeking the appointment of counsel is **GRANTED** to the extent he seeks the appointment of counsel as contemplated by Rule 8(c). ECF No. 133; see R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

The Clerk is therefore **DIRECTED** to appoint an attorney to represent Petitioner at the § 2255 evidentiary hearing.[12]  As soon as counsel is appointed, counsel for Petitioner and counsel for the Government shall: (1) confer regarding mutually agreeable hearing dates; and (2) contact the undersigned Judge's calendar clerk to schedule an evidentiary hearing.[13]  The hearing shall be conducted as soon as practicable, though counsel shall ensure that the hearing date affords the United States Marshals Service adequate time to transport Petitioner to this Court as Petitioner **will be required** to appear at the evidentiary hearing.

---

[12] Petitioner was recently appointed counsel to assist him in pursuing relief under 18 U.S.C. § 3582(c)(2). The Clerk should contact § 3582 counsel to determine their availability for appointment in this § 2255 proceeding.

[13] Counsel may wish to consult with Petitioner's prior attorneys regarding scheduling as both will presumably be necessary witnesses at the evidentiary hearing.

## V. MOTION TO SHOW CAUSE

In additional to his § 2255 motion and motion seeking counsel, Petitioner filed a motion seeking an "order to show cause." ECF No. 132. Such filing asks the Court to order the Government to show cause why his § 2255 motion should not be granted. Id. at 1. Though the Court did not issue a show cause order in this case, it did order the Government to file a response to Petitioner's § 2255 motion, ECF Nos. 134, 139. The Government filed its opposition brief and supporting materials in May of this year, ECF No. 154, and as discussed above, the Court will conduct an evidentiary hearing on two of Petitioner's ineffective assistance claims. In light of the fact that the Government has already submitted facts and arguments in opposition to Petitioner's § 2255 motion, and because the record will be further expanded at the evidentiary hearing, Petitioner's motion requesting a show cause order is **DISMISSED as moot.** ECF No. 132.

## VI. CONCLUSION

For the reasons stated above, Petitioner's § 2255 ineffective assistance claims are **DENIED** on the merits, with the exception of Ground Three (challenging counsel's handling of the first plea offer) and Ground Four (challenging counsel's failure to appeal and/or consult regarding an appeal) which are **TAKEN UNDER ADVISEMENT** pending an evidentiary hearing. ECF Nos. 131, 135. Petitioner's claim seeking to directly challenge his sentence due

to the retroactive "status point" Guideline amendment is **DISMISSED** as improper.   Id.

Petitioner's related motion seeking appointment of counsel is **GRANTED** as discussed above, ECF No. 133, and his motion seeking a show cause order is **DISMISSED as moot**, ECF No. 132.

The Clerk is **REQUESTED** to forward a copy of this Opinion and Order to Petitioner, Petitioner's former counsel, the United States Attorney's Office in Norfolk, Virginia, and the United States Marshals Service.

**IT IS SO ORDERED.**

_____ /s/

Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 28 , 2024

25